# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2021

Lyle W. Cayce
Clerk

No. 20-40845
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Ryan Serna,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-652-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Justin Ryan Serna, federal prisoner # 92519-379, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion requesting a compassionate release reduction in his sentence based on his health conditions and the COVID-19 pandemic. The district court ruled that early

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release was not appropriate in light of the 18 U.S.C. § 3553(a) factors. Before this court, Serna maintains that the district court failed to consider and give adequate weight to factors in favor of release. Specifically, he contends that the district court should have given weight to his request for home incarceration for all or part of his 10-year supervised release term, which would limit the danger he would pose to the community. In addition, he asserts that the court should have taken into account of his post-sentencing rehabilitation efforts and a finding by the Bureau of Prisons that he was unlikely to recidivate.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because Serna filed the motion for compassionate release, the district court's decision is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Here, the district court considered the nature of Serna's offense and concluded that early release would not reflect the seriousness of the underlying crime, promote respect for the law, provide just punishment or deterrence, or protect the public.

The record reflects that the district court knew and understood Serna's arguments in favor of his request for a reduction. *See United States v. Robinson*, 980 F.3d 454, 465 (5th Cir. 2020). Serna's suggestion that the district court did not correctly and adequately weigh the factors that could favor a modification amounts to a disagreement with the court's balancing of the sentencing factors, but a "sentencing judge is in a superior position to find facts and judge their import under § 3553 in the individual case," and we therefore afford deference to the district court's consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Serna's displeasure with the district court's balancing of the factors that he believes support his request for a reduction

No. 20-40845

does not establish that the district court abused its discretion. *Chambliss*, 948 F.3d at 694. Accordingly, the judgment of the district court is AFFIRMED.